UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JAY CASHMAN, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 07-93-P-H |
| ) | |
| PORTLAND PIPE LINE, INC., ) | |
| ) | |
| Defendant ) | |

ORDER ON PENDING MOTIONS

This Order deals with all pending matters. At the plaintiff Jay Cashman, Inc.'s ("Cashman") request (to which the defendant did not object), the Magistrate Judge has ruled that three motions could not be decided until trial. They are: (1) Cashman's Motion in Limine to Exclude Evidence of Settlement Negotiations (Docket Item 29); (2) Cashman's Motion in Limine to Exclude Evidence of Third-Party Insurance Claim (Docket Item 30); and (3) Cashman's Motion in Limine to Limit the Testimony of Defendant's Expert Edward Geoff Webster (Docket Item 31). Accordingly, they shall not be considered under advisement unless and until the plaintiff reactivates them at trial.

I heard oral argument on August 14, 2008, on objections to the following rulings by the Magistrate Judge.

1.    I have given de novo review to the Magistrate Judge's Recommended Decision on the Defendant's Motion for Partial Summary Judgment (Docket Item

77).  I agree with the Magistrate Judge's analysis and adopt his Recommended Decision.  Accordingly, partial summary judgment is **GRANTED** to Portland Pipe Line Corp. ("Pipe Line") on Counts III and V and is **DENIED** on Count II.

2. I have reviewed the Magistrate Judge's rulings on Cashman's Motion in Limine to Exclude Any Evidence to Clarify the Terms of the Contract Where the Contract is Not Ambiguous (Docket Item 32).  The rulings are neither clearly erroneous nor contrary to law.  Accordingly, Pipe Line's objections to them are **OVERRULED**.  I therefore affirm the Magistrate Judge's ruling that the Army Corps of Engineers 1994 Manual measurement tolerances govern compliance with the contract dredging depth demands and his ruling that Pipe Line's bronze disk on Pier No. 2 is not a governing benchmark for determining mean lower low water.

I also rule as follows on the other pending motions:

3. Pipe Line's Motion in Limine to Exclude Testimony and to Request a Negative Inference Jury Instruction as a Sanction for Spoliation of Evidence (Docket Item 60) is **DENIED**.  The criteria used by this District and the First Circuit do not justify such relief here.  See Driggin v. Am. Sec. Alarm Co., 141 F. Supp. 2d 113, 120 (D. Me. 2000) (discussing First Circuit precedent).  At this point, I do not know if the testimony will even be relevant.  If the controversy remains alive, the request for the negative inference jury instruction can be renewed at trial.

4. Pipe Line's Motion in Limine to Exclude Evidence of Plaintiff's Damages and Testimony of Dale Pyatt (Docket Item 61) is **DENIED**.  Pipe Line argues, among other things, that Cashman is relying improperly on a total cost theory of damages.  It is not clear to me on this record that Cashman is using

such a theory; the parties have not briefed Maine law on this subject (Pipe Line's cases are government contract cases from the Court of Federal Claims and Federal Circuit); and to the extent that it becomes a viable argument, I will deal with it at trial and in jury instructions, upon request.

5.  Pipe Line's Motion in Limine to Exclude Certain Claims of Plaintiff for Failure to Comply with Contractual Notice Provisions (Docket Item 62) is **DENIED**. To rule now would require me to make factual findings. The issues raised, if they remain alive after evidence is presented at trial, can be dealt with through jury instructions.

6.  Pipe Line's Motion in Limine to Exclude Evidence of Other Bids for the Portland Harbor Dredge Project (Docket Item 64) is **GRANTED**. On the showing made, I do not see how other bids are relevant. Like other in limine rulings, it is subject to revisitation at trial if Cashman lays a foundation for its admission.

7.  Pipe Line's Motion in Limine to Exclude Evidence of Ownership of Portland Pipe Line Corporation (Docket Item 65) is **GRANTED**. On the showing made, I do not see how it is relevant, and it runs a significant risk of unfair prejudice. (I understand that Pipe Line does not seek to exclude evidence regarding its relationship with Montreal Pipe Line Limited, its parent company, but only upstream ownership involving large oil companies. Def.'s Reply in Supp. of its Mot. in Limine (Docket Item 81).)

8.  Cashman's Motion in Limine for Sanctions (Docket Item 67) is **DENIED** on the same basis as Pipe Line's comparable motion in #3 above.

The case is now ready for final pretrial conference to be scheduled by the Clerk's Office.

**SO ORDERED.**

**DATED THIS 25TH DAY OF AUGUST, 2008**

**/S/ D. BROCK HORNBY**
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

U.S. DISTRICT COURT
DISTRICT OF MAINE (PORTLAND)
CIVIL DOCKET FOR CASE #: 2:07CV93 (DBH)

| | | |
|---|---|---|
| **JAY CASHMAN, INC.,** | represented by | **MARTHA C. GAYTHWAITE** |
| | | **ELISSA A. TISDAHL** |
| **Plaintiff** | | Friedman, Gaythwaite, Wolf & Leavitt |
| | | P. O. Box 4726 |
| | | Portland, ME 04112-4726 |
| | | (207) 761-0900 |
| | | email: mgaythwaite@fgwl-law.com |
| | | etisdahl@fgwl-law.com |

v.

| | | |
|---|---|---|
| **PORTLAND PIPE LINE, INC.,** | represented by | **JOTHAM D. PIERCE, JR.** |
| | | **NIKOLAS P. KEREST** |
| **Defendant** | | Pierce, Atwood LLP |
| | | One Monument Square |
| | | Portland, ME 04101-1110 |
| | | 791-1100 |
| | | email: jpierce@pierceatwood.com |
| | | nkerest@pierceatwood.com |